NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE TWITTER, INC., APPLE INC., MOTOROLA MOBILITY LLC, HTC CORPORATION, HTC AMERICA, INC., LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., AND LG ELECTRONICS MOBILECOMM U.S.A., INC.,**
*Petitioners.*

---

2015-101

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of Texas in No. 7:14-cv-00106-O, Judge Reed O'Connor.

---

**ON PETITION**

---

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

LINN, *Circuit Judge.*

**O R D E R**

Petitioners Twitter, Inc. et al. ("Petitioners") seek a writ of mandamus from an order of the United States District Court for the Northern District of Texas ("NDTX") denying their motion to transfer venue to the United States District Court for the Northern District of

California ("NDCA"). Summit 6 LLC ("Summit 6") opposes the petition. This court denies the petition.

BACKGROUND

Summit 6 is the assignee of U.S. Pat. Nos. 7,765,482, 8,612,515, and 6,895,557, which relate to web-based media submission tools. Summit 6's predecessor company, AdMission, entered into a development partnership with Dallas-based Sell.com to commercialize the patents. AdMission sold its operating company, and Summit 6 retains ownership of the patents and continues to share office space with Sell.com in Dallas, which is also where it maintains its corporate headquarters.

On February 18, 2014, Summit 6 filed this patent infringement case against Apple, Inc., Twitter, Inc., HTC Corporation, HTC America, Inc., LG Electronics Mobilecomm U.S.A., Inc., LG Electronics, Inc., and Motorola Mobility LLC, companies that are headquartered in Cupertino, California, San Francisco, California, Taiwan, Washington, San Diego, California, South Korea, and Illinois respectively.

Citing the fact that at least 20 potential witnesses and two defendants are headquartered in the NDCA and Summit 6's employees reside outside of NDTX (including one in the NDCA), Petitioners moved to transfer venue pursuant to 28 U.S.C. § 1404(a), which authorizes transfer of a civil action "[f]or the convenience of the parties and witnesses, in the interests of justice." Apple moved separately for severance and, if the joint motion for transfer was denied, for transfer of the severed action against it to the NDCA.

Summit 6's opposition asserted that: (1) Sell.com and Northern Texas-based licensees and customers have potentially relevant information to the case; (2) it along with Apple and Motorola maintain relevant offices and operations in the NDTX; (3) most potential likely third

party witnesses do not reside in the NDCA; and (4) the same district court judge had recently held a trial involving two of the three patents-in-suit. *See Summit 6 LLC v. Research in Motion Corp. et al.*, No. 3:11-cv-367-O, 2013 U.S. Dist. LEXIS 95164, at *6 (N.D. Tex. June 26, 2013) ("*Samsung*").

The district court denied Petitioners' joint transfer motion. *Summit 6 LLC v. HTC Corp. et al.*, 7:14-cv-00014-O (N.D. Tex. Sept. 10, 2014), ECF No. 143 ("Transfer Order"). It found most of the factors to be neutral, with the exception of convenience of the witnesses (weighing slightly in favor of transfer) and court congestion (weighing slightly against transfer), and that any additional convenience offered by the NDCA was outweighed by concerns of judicial economy and uniformity of claim construction, which weighed against transfer because of the district court's experience with *Samsung*. *Id.* at *23.

Although it granted Apple's motion to sever, the district court similarly denied Apple's contingent motion to transfer. It found that "factors concerning ease of access to sources of proof, cost of attendance of willing witnesses, and availability of compulsory process to weigh in favor of transfer." *Id.* at *28. However, it concluded "that avoidance of piecemeal litigation and the risk of inconsistent claim construction defeat any additional convenience to Apple and its witnesses of litigating in their home forum." *Id.*

## DISCUSSION

Petitioners argue that the record establishes that the convenience factors and local interest factor strongly favor transfer. They point to the witnesses and documents they have identified in that venue and downplay the significance of any connections they share with the NDTX. They also argue that Summit 6's presence in the NDTX is entitled to no weight because it is litigation driven. Summit 6 responds that its predecessor conducted busi-

ness in the NDTX and as a result of its business in that venue there are relevant third-party customers and licensees residing there. Summit 6 also contends that its documents were in the NDTX years before *Samsung* was filed and that it continues to conduct bona fide business operations in the NDTX.

A petition for a writ of mandamus is a request for extraordinary relief, and Petitioners therefore must meet the high burden of demonstrating that the denial of their transfer motion was a "clear" abuse of the district court's discretion such that the refusal to transfer produced a "patently erroneous result." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc). While it is a close case, after careful consideration of the arguments, this court cannot say that such a result occurred here.

The district court found that the convenience of the witnesses did favor transfer. Transfer Order, at *28. Though Petitioners identify connections to the NDCA in asserting that this factor and the local interest factor should have received more weight in the court's transfer calculus, the district court found that Summit 6 had likewise identified connections to the NDTX. Furthermore, citing the fact that the parties and potential witnesses "originated from varied locations," the court found the rest of the convenience factors to be neutral. *Id.* at 11, 28. Petitioners do not argue that the district court ignored the evidence or factors, but instead contend that the district court did not balance the evidence and factors strongly enough in their favor.

Moreover, judicial economy would be served better in the NDTX because of that court's familiarity with two of the three patents-in-suit from *Samsung*. The district court found that concerns of judicial economy and risks of inconsistent claim construction outweighed "any additional convenience in the transferee venue." Transfer

Order, at *23. Such considerations, the district court noted, "'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" Transfer Order, at *19 (quoting *Regents of the University of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)).

Petitioners attempt to downplay the significance of the NDTX's prior experience by citing to this court's precedent in *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) and *In re Verizon Business Network Services Inc.*, 635 F.3d 559 (Fed. Cir. 2011). But in *Zimmer*, the district court did not have prior experience with the patents as is the case here and the overlap between the two co-pending actions was "negligible." 609 F.3d at 1382. And In *Verizon*, the prior case had settled five years earlier. 635 F.3d at 562. In contrast, the prior *Samsung* case previously before the district court proceeded through trial ending just last year.

At bottom, "§ 1404(a) commits the balancing determination to the sound discretion of the trial court based not on per se rules but rather on an 'individualized, case-by-case consideration of convenience and fairness.'" *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). And, where "meaningful application of the factors" creates "a reasonable range of choice," "it is entirely within the district court's discretion to conclude that in a given case the § 1404(a) factors of public interest or judicial economy" warrant denying transfer even if the convenience factors suggest otherwise. *Vistaprint*, 628 F.3d at 1347.

Given the district court's recent trial experience over two of the three patents-in-suit concerning similar accused products and the same inequitable conduct defense, we cannot conclude that the district court's balancing of judicial economy against the convenience factors was so unreasonable as to warrant the extraordinary relief of

mandamus. Because Petitioners have not met their burden of establishing that the district court clearly abused its discretion in denying transfer of venue to the NDCA, this court denies the petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s31